```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


ANTHONY JACKSON and TANYA JACKSON          CIVIL ACTION

VERSUS                                     No. 06-4467

STATE FARM FIRE & CASUALTY INSURANCE       SECTION: I/1
COMPANY, FLANDER J. DENNIS AND ABC
INSURANCE COMPANY
```

ORDER AND REASONS

The matter before the Court is a motion to remand filed on behalf of plaintiffs, Anthony Jackson and Tanya Jackson. For the following reasons, plaintiffs' motion to remand is **GRANTED.**

*BACKGROUND*

Plaintiffs, Anthony and Tanya Jackson, own a residence located at 4790 Marque Drive, New Orleans, Louisiana. Plaintiffs obtained the necessary homeowner's and flood insurance for the home located on said property from defendant, Flander J. Dennis, an agent/broker of State Farm Fire, in July 2002.[1] The initial flood insurance policy was effective from July 22, 2002, through July 22, 2003, but it could be renewed annually.[2]

On August 29, 2005, following Hurricane Katrina, plaintiffs' home was inundated with floodwater and sustained severe flood

---

[1] Rec. Doc. No. 1-2, p. 2.

[2] Rec. Doc. No. 3-2, p. 2.

1

damage.[3]  Plaintiffs were later informed that they had no flood coverage as their flood insurance policy had not been renewed on July 22, 2005.[4]

Plaintiffs originally filed this lawsuit against defendants in Civil District Court for the Parish of Orleans on July 12, 2006.[5]  Plaintiffs principally allege that defendants are liable for damages for breach of the homeowner's policy and for errors and omissions and breach of their fiduciary duties in procuring flood insurance coverage.[6]

On August 21, 2006, defendants filed their notice of removal, contending that this Court has jurisdiction pursuant to: 1) 28 U.S.C. § 1332 because diversity jurisdiction exists;[7] 2) 28 U.S.C. § 1331 because a federal question exists;[8] and 3) 28 U.S.C. § 1369(a) because the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA) governs this case.[9]  Plaintiffs filed their motion to remand on September 14, 2006.[10]  Defendants

---

[3] Rec. Doc. No. 3-2, p. 2.

[4] Rec. Doc. No. 3-2, p. 2. Plaintiffs state that the flood insurance policy was "continuously renewed" from July 22, 2003, to July 22, 2005. Rec. Doc. No. 1-2, p. 2.

[5] Rec. Doc. No. 1-1, p. 2.

[6] Rec. Doc. No. 1-2, pp. 2-3.

[7] Rec. Doc. No. 1-1, pp. 2-3.

[8] Rec. Doc. No. 1-1, pp. 7.

[9] Rec. Doc. No. 1-1, p. 14.

[10] Rec. Doc. No. 3-1.

contend that plaintiffs improperly joined defendant Dennis and, therefore, diversity jurisdiction exists.[11]  Defendants also argue that federal jurisdiction exists because federal policy and procedures are at the heart of this case and federal funds would be implicated should plaintiffs prevail.[12]  Finally, defendants argue that federal jurisdiction exists pursuant to the MMTJA.[13]

**I. Standard of Law**

*A.  Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the

---

[11] Rec. Doc. No. 7-1, pp. 5-10.

[12] Rec. Doc. No. 7-1, pp. 10-15.

[13] Rec. Doc. No. 7-1, pp. 15-31.

federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

B.  *Federal Question Jurisdiction*

Defendants assert federal question jurisdiction--i.e., the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

C.  *Improper Joinder*

Defendants also assert that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because defendant Dennis has been improperly joined to defeat diversity. There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573

4

(5th Cir. 2004) (en banc).[14]   In *Smallwood v. Illinois Central Railroad*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law.  A court may resolve the issue in one of two ways.  The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

---

[14] The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder."  *Smallwood*, 385 F.3d at 571 n.1.

In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549).  The court must also resolve all ambiguities in the controlling state law in plaintiff's favor.  *Id.*

*D. The MMTJA*

Third, defendants assert that this Court has jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA) pursuant to Sections 28 U.S.C. § 1441 and 28 U.S.C. §1369. Section 1441(e)(1)(B) provides for removal where "the defendant is a party to an action which is or could have been brought, in whole or in part, under [28 U.S.C.] section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter." Section 1369(a) provides that removal is proper in the following circumstances:

> (a) In general.--The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if--
>> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is

>also a resident of the State where a substantial part of the accident took place;
>(2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>(3) substantial parts of the accident took place in different States.

**II. Discussion**

*A. Federal Question Jurisdiction*

Plaintiffs argue that defendants' action concerns fault in the "procurement" of a standard flood insurance policy ("SFIP") as opposed to the "handling" of a claim related to flood insurance and, therefore, this lawsuit should be remanded to state court.[15]  Defendants, on the other hand, assert that federal law preempts these state tort claims involving an agent who is administering an existing national flood insurance program ("NFIP") policy.[16]

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, *et seq*., and it is administered through the Federal Emergency Management Agency ("FEMA"), *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005).  The NFIP has two main components:  1) the flood insurance program, and 2) a comprehensive national plan for flood management. *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342  (5th Cir. 2005).  A  SFIP can be issued by the private WYOs directly

---

[15] Rec. Doc. No. 3-2, p. 6.

[16] Rec. Doc. No. 7-1, pp. 14-15.

to consumers. *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). These WYO companies, however, have no power to alter, amend, or waive any provision contained within the SFIP. 44 C.F.R. pt. 61.13(d). By statute, these WYOs are considered fiscal agents of the United States. 42 U.S.C. § 4071(a)(1).

In *Smith Lupo Williams Partners v. Carter*, this Court noted the growing line of cases in this district that have recognized a distinction between claims related to the handling of a flood insurance claim, which are preempted by federal law, and those related to the procurement of an SFIP, which are not preempted. No. 06-2808, 2006 U.S. Dist. LEXIS 62103 (E.D. La. Aug 31, 2006); *see Seruntine v. State Farm Fire & Cas. Co.*, No. 06-1580, slip op. at 6 (E.D. La. Aug. 2, 2006) (Vance, J.) (finding that plaintiffs' claims "all relate to the procurement of flood policies, which the courts of this District have uniformly concluded do not give rise to federal jurisdiction under the [NFIA]"); *Sullivan v. State Farm Fire & Cas. Co.*, No. 06-1677, slip op. at 8-9 (E.D. La. Jul. 26, 2006) (Barbier, J.) (holding that the procurement of a SFIP does "not implicate any substantial federal question"); *Cosse*, 2006 U.S. Dist. LEXIS 46104, at *4-5; *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 534-35 (E.D. La. 2006) (Fallon, J.); *Waltrip v. Brooks Agency, Inc.*, 417 F. Supp. 2d 768, 771 (E.D. Va. 2006); *Corliss v. S.C. Ins. Co.*, No. 03-2944, 2004 U.S. Dist. LEXIS

25664, at *7 (E.D. La. Dec. 14, 2004) (Vance, J.) (citing *Spence* and holding that policy procurement "claims are thus not governed by federal law, but by state law, and they provide no basis for federal question jurisdiction").

Indeed, the facts of this case are similar to those in *Landry*, where the Court found remand appropriate.  In *Landry*, plaintiffs alleged that their insurance agent breached his duty of reasonable diligence in failing to secure contents coverage under their flood policy during the renewal period.  428 F. Supp. 2d at 535.  The Court held that these allegations "present[ed] a question of policy procurement."  *Id.*  Analogous to *Landry*, the alleged breach of duty and omission on part of defendant Dennis resulted in a failure to procure flood insurance renewal for the plaintiffs.  Therefore, this is not a "handling" claim, and there is no federal question jurisdiction pursuant to the NFIP.  The cases to the contrary cited by defendants are distinguishable on the facts.[17]

*B. Diversity Jurisdiction and Improper Joinder*

---

[17] In particular, defendants assert that *McCulloch v. Delta Lloyds Ins. Co. of Houston*, No. 01-3747, (S.D. Tex. June 30, 2003), mandates a different outcome.  However, that case centered on particular allegations regarding the "procedures and steps used to prepare and mail renewal notices," where an SFIP provision expressly provided the remedy should a renewal notice be mailed to an incorrect address.  *Id.*, slip op. at 19.  The Court held, "The SFIP itself specifically addresses the procedures governing the preparation and mailing of renewal notices and the consequences of the insured's failure to receive such a notice in a timely fashion because of an incorrect address."  *Id.* at 21.  By contrast, defendants here have not shown that the SFIP governs the specific issue in question.  Therefore, there is no reason to distinguish the present case from other "procurement" cases involving extra-contractual claims.

Defendants argue that diversity jurisdiction exists because plaintiff improperly joined defendant, Flander J. Dennis.[18] Defendants contend that plaintiffs do not have a reasonable basis for which they can impose liability against this particular defendant.[19]  Defendant Dennis asserts that he had no participation or responsibility regarding the administration of flood insurance renewals, that FEMA assumed responsibility in 2004 for billing and renewal notices on the flood policy, and that plaintiffs were notified by FEMA that payment was required to avoid cancellation.[20]

To determine if joinder is improper, the Court must decide whether plaintiffs have a reasonable basis of recovery under state law. The Court begins with a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff."  *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549); *see also Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673, at

---

[18] Rec. Doc. No. 7-1, p. 5.

[19] Rec. Doc. No. 7-1, p. 5.

[20] Rec. Doc. No. 7-1, pp. 5-6.

\*3 (E.D. La. Apr. 11, 2006) (Fitzwater, J.) (holding same).

Plaintiffs allege that Dennis never informed them that their flood insurance policy was to expire July 22, 2005, nor determined whether they wanted to renew their policy.[21] Moreover, plaintiffs allege that they believed their policy was still in effect given the "continuous representations" by defendant.[22]

In *Durham v. McFarland*, the Court held that an insurance broker's[23] "fiduciary duty includes...the duty to notify the insured of cancellation or termination of coverage." 527 So. 2d 403, 405 *(*La. Ct. App. 4th Cir. 1988).[24] Plaintiff is alleging the fiduciary duty stated by asserting that the agent negligently failed to inform them that their coverage was to terminate, and made representations to the effect that they had continuing

---

[21] Rec. Doc. No. 1-2, p. 2.

[22] Rec. Doc. No. 1-2, p. 2.

[23] "Insurance agents and brokers owe the same duty to a client for whom the agents or brokers have agreed to procure insurance." *Taylor v. Sider,* 765 So.2d 416, 418 (La. Ct. App. 4 Cir. 2000)(citing *Durham v. McFarland, Gay and Clay Inc.*, 527 So.2d 403 (La. Ct. App. 4th Cir. 1998); *McCartney v. State Farm Ins. Co.*, 567 So.2d 1168 (La. Ct. App. 3d Cir.), *writ not considered*, 569 So.2d 974 (La. 1990)).

[24] Moreover, "[l]ouisiana law in certain instances imposes a fiduciary duty on insurance agents in their dealings with the insured." *Taylor v. Sider,* 765 So. 2d at 419. In *Taylor*, the plaintiff essentially alleged that, had she been fully informed of the law and insurance coverage options, she may have opted for a different type of coverage. *Taylor* held, "plaintiff has adequately asserted a cause of action against defendants as to the insurance agent's duty in procuring this insurance and informing the insured of the policy limitations and exclusions." *Id.* Analogous to *Taylor*, plaintiffs allege that their course of conduct would have been to renew their insurance policy had defendant Dennis properly informed them of its pending expiration.

coverage.  Therefore, viewing the factual allegations in the light most favorable to plaintiffs and resolving any ambiguities in state law in plaintiff's favor,[25] this Court concludes that there is a reasonable basis to predict that plaintiffs might be able to recover against defendants.  There is no improper joinder for inability to establish a cause of action against the in-state defendant and no diversity jurisdiction in this case.

*C. Jurisdiction under the MMTJA*

Finally, defendants argue that jurisdiction is proper pursuant to 28 U.S.C. §§ 1369(a) and 1441(e).[26]  Defendants cite one Louisiana district court case that exercised MMTJA jurisdiction in the context of Hurricane Katrina insurance litigation.  *Chehardy v. La. Ins. Comm., et. al.*, No. 3:05-CV-1140, Court File No. 188 (M.D. La. March 16, 2006).[27]

Courts in this district have overwhelming found that Hurricane Katrina does not constitute an accident for purposes of the MMTJA.  *See Fradella's Collision v. Lafayette Ins. Co.*, No. 06-7638, slip op. at 2 (E.D. La. Oct. 30, 2006) (Duval, J.);

---

[25] The Court notes that defendants have not shown that they did not receive notice of the pending policy cancellation or that they could not obtain such information.  Further, the Court notes that the burden of proof and standards of review are different on a motion to remand than in the context of a motion for summary judgment, as in *Larmann v. State Farm Insurance Company*, 2005 WL 357191 (E.D. La. Feb. 11, 2005), cited by defendants.

[26] Rec. Doc. No. 7-1, pp. 15-31.

[27] Rec. Doc. No. 7-1, p. 25.

*Fidelity Homestead Ass'n v. Hanover Ins. Co.*, No. 06-3511, 2006 U.S. Dist. LEXIS 75345, at *14 (E.D. La. Oct. 5, 2006) (Berrigan, C.J.); *Berry v. Allstate Ins. Co.*, No. 06-4922, 2006 U.S. Dist. LEXIS 70499, at *8 (E.D. La. Sept. 19, 2006) (Zainey, J.); *S. Athletic Club, LLC* , 2006 U.S. Dist. LEXIS 66634, at *16; *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 U.S. Dist. LEXIS 58264, at *7 (E.D. La. Aug. 15, 2006) (Duval, J.).  In previous decisions, this Court agreed with the reasoning of its sister courts and ruled that Hurricane Katrina was not an accident for purposes of the MMTJA.  *See Trosclair v. Security Plan Life Insurance Co.*, No. 06-9220, slip op. (E.D. La. Nov. 6, 2006); *see also Yount v. Lafayette Ins. Co.,* No. 06-7382, slip op. (E.D. La. Nov. 7, 2006).  The Court finds no good cause to depart from its prior holding or those of other courts in this district. Therefore, the Court will not extend federal jurisdiction over this case pursuant to the MMTJA.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[28] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, November ___9th___, 2006.

---

[28] Rec. Doc. No. 3-1.

13

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE